**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Cassie Somers and Jolia Georges, et al., | |
| Plaintiffs, | |
| v. | Case No. 1:23-cv-12946 |
| Cape Cod Healthcare, Inc., et al., | |
| Defendants. | **Leave to File Granted on May 1, 2024** |

**RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITIES**

Cape Cod Healthcare, Inc. submits this response to Plaintiffs' Notice of Supplemental Authorities (Doc No. 24) ("Plaintiffs' Notice"), which attaches the opinions *Brookins v. Northeastern Univ. et al.*, No. 22-11053, 2024 WL 1659507 (D. Mass. Apr. 17, 2024), and *Daggett v. Waters Corp., et al.*, No. 23-11527, 2024 WL 1677421 (D. Mass. April 18, 2024). Both *Brookins* and *Daggett* involved allegations different from the case at bar and neither supports denying Cape Cod Healthcare, Inc.'s pending Motion to Dismiss (Doc No. 12). Plaintiffs' Complaint should be dismissed.[1]

*First*, neither *Brookins* nor *Daggett* supports Plaintiffs' fund-related claims here. *Brookins* allowed investment management fee and performance claims to proceed as to three plan investment options challenged by the plaintiffs:  the TIAA Real Estate Fund, the CREF Stock Account, and the suite of Fidelity Freedom Funds.  The decision to do so rested on allegations not present here.  With respect to the TIAA Real Estate Fund, the court credited allegations that the "structure of the fund inherently [led] to higher fees" and that the fund's

---

[1] Capitalized terms used herein have the definitions set forth in Cape Cod Healthcare, Inc.'s Motion to Dismiss (Doc No. 12) (the "Motion").

1

expense ratio exceeded the "average" expense ratio of other real estate funds based on a survey conducted by the Investment Company Institute. *Brookins*, 2024 WL 1659507, at *5; Compl., 1:22-cv-11053, Doc No. 1 ¶ 74. Here, Plaintiffs offer no averages or other broader comparison to the market; they allege only that the Allspring Fund and the AFWM Fund were more expensive than two cherry-picked alternatives each (which they outperformed or matched on a net-of-fee basis in any event). Doc No. 13 at 14-15, 17-18. They make no such allegations with respect to the Lincoln SVF. Doc No. 13 at 16-17.

With respect to the CREF Stock Account, the *Brookins* court observed that "Defendants are correct, however, that under-performance alone is not enough to support a claim for imprudence . . . . [But] [t]he complaint contains several such circumstantial allegations that would render plausible a claim of imprudence," including that the CREF Stock Account is the second largest investment in that plan and was the subject of a recent ERISA imprudence claim that withstood a motion to dismiss in *Short v. Brown University*, 320 F. Supp. 3d 363 (D.R.I. 2018). *Brookins*, 2024 WL 1659507, at *5. Plaintiffs make no similar allegations concerning the Allspring Fund and the AFWM Fund. And with respect to the Fidelity Freedom Funds, the *Brookins* court credited allegations that the fiduciaries there failed to use cheaper share classes of the challenged funds, an allegation not made here. *Brookins*, 2024 WL 1659507, at *5. Therefore, *Brookins* is distinguishable on the same basis as were many of the other authorities Plaintiffs cite in their Opposition. *See* Doc No. 17 at 9, 14 n.14.

In *Daggett* the court allowed a challenge to that plan's use of Fidelity Freedom Funds (also not at issue here) based on allegations that they were retained there "despite arguably known risks" and "public concerns" about the funds which purportedly should have prompted their replacement by "a more suitable investment." 2024 WL 1677421, at *12. There are no

2

comparable allegations in the complaint here concerning the Allspring Fund, the AFWM Fund, or the Lincoln SVF.

*Second,* the recordkeeping fee allegations in *Brookins* and *Daggett* are also readily distinguishable from those here.  *Brookins* alleged "multiple red flags specific to" that plan's two recordkeepers (including prior court decisions and regulatory investigations) – neither of which is at issue here.  No. 1:22-cv-11053, Doc. No. 1.  The *Daggett* court found that the plaintiff "put forth sufficient facts" to plead an excessive recordkeeping and administrative service fee claim by comparing the challenged fees to those of allegedly "comparable 'mega' plans" through an "analysis of publicly-available plan documents for each of the plans he used as a comparison." 2024 WL 1677421, at *10.  The Amended Complaint here does not engage in similar analysis, and instead points to industry-wide NEPC survey data and "[e]vidence filed" in two different cases, specifically the testimony of an expert and the allegations in a complaint.  As Plaintiffs' Opposition points out at page 17 & footnote 25, this precise NEPC study has been rejected in cases like *Matousek v. MidAmerican Energy Co.*, 51 F.4th 274 (8th Cir. 2022), cases that the *Dagget* court specifically held were distinguishable from its facts.  *See* 2024 WL 1677421, at *8 n.16.  The Amended Complaint is therefore not only inapposite to *Daggett*, but fails under Daggett's own analysis.

Finally, Plaintiffs' suggestion that the "meaningful benchmark" standard has not been adopted by courts in this Circuit is simply contrary to this Court's decisions.  *See Lalonde v. Mass. Mutual Life Ins. Co.*, 2024 WL 1346027, at *7–10, --- F. Supp. 3d. --- (D. Mass. March 29, 2024) (dismissing complaint).

3

Dated: May 1, 2024

Respectfully submitted,

/s/ *Alison V. Douglass*
Alison V. Douglass (BBO# 646861)
James O. Fleckner  (BBO# 641494)
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
Tel.: (617) 570-1000
Fax: (617) 523-1231
ADouglass@goodwinlaw.com
JFleckner@goodwinlaw.com

Benjamin S. Reilly (BBO# 693742)
GOODWIN PROCTER LLP
1900 N Street, NW
Washington, DC 20036
Tel.: (202) 346-4000
Fax: (202) 346-4444
BReilly@goodwinlaw.com

*Counsel for Cape Cod Healthcare, Inc.*

## CERTIFICATE OF SERVICE

I, Alison V. Douglass, certify that a copy of the foregoing document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on May 1, 2024.

Dated: May 1, 2024

/s/ *Alison V. Douglass*
Alison V. Douglass

ACTIVE/129172258