UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CASSIE SOMERS and JOLIA GEORGES, individually and as the representative of a class of similarly situated persons, and on behalf of The Cape Cod Healthcare 403(b) Partnership Plan,<br><br>           Plaintiffs,<br><br>      v.<br><br>CAPE COD HEALTHCARE, INC. and JOHN and JANE DOES 1-10,<br><br>           Defendants. | Civil Action No. 23-12946-MJJ |

**FINAL APPROVAL ORDER AND JUDGMENT**

August 21, 2025

JOUN, D.J.

This matter is before the Court on Plaintiff's Assented-To Motion for Final Approval of Class Action Settlement (the "Motion for Final Approval"). The Court having considered all papers filed and proceedings had herein, and having reviewed the record in the above captioned matter,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. The On March 14, 2025, the Court, having reviewed the proposed Settlement Agreement and Release of Claims ("Settlement") issued an Order granting preliminary approval of the Settlement and authorizing the issuance of a Settlement Notice to the Class. The Settlement Notice, the final version of which is attached to the Motion for Final Approval as

Exhibit 3, was duly issued by the Settlement Administrator on March 28, 2025. The Court now finds that the content and distribution of the Settlement Notice provided fair and sufficient notice of the Settlement, satisfied the requirements of Fed. R. Civ. P. 23, and provided due process.

2. The form of notice under the Class Action Fairness Act of 2005 ("CAFA"), attached to the Settlement as Exhibit 4, complied with the requirements of CAFA and was duly issued, discharging the Defendants' obligations under CAFA.

3. The Court finds that the Settlement is fair, reasonable, and adequate. More specifically, the Court finds that (a) the Named Plaintiffs and Class Counsel have adequately represented the Class; (b) the Settlement was negotiated at arm's length; (c) the relief provided to the Class is adequate taking into account: (i) the burden, expense, risks, and delay of trial and appeal, (ii) the effectiveness of the proposed method of distributing relief to the Class, (iii) the terms of the proposed award of attorneys' fees, including the time of payment, and (iv) the absence of any agreement required to be identified under Fed. R. Civ. P. 23(e)(3). The Court further finds that the Settlement treats class members equitably relative to each other.

4. The Court awards Class Counsel an award of attorneys' fees and litigation costs in the amount of $300,000, for substantially the reasons set forth in the Assented-To Motion for Award of Attorney's Fees and Litigation Costs.

5. The Court awards the two Named Plaintiffs, Cassie Somers and Jolia Georges, service awards in the amount of $2,500 each.

6. The Court finds there were no objections to the Settlement.

7. The Court otherwise approves the terms and provisions of the Settlement and orders that the Settlement be consummated and implemented in accordance with its terms.

8.	This Action is hereby dismissed with prejudice and without costs to any parties, other than as expressly provided for in the Settlement.

9.	The Court shall retain jurisdiction to resolve any disputes, challenges, or other issues that might arise as to the Settlement.

SO ORDERED.

/s/ Myong J. Joun  
United States District Judge